UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN KASPERZYK,<br><br>    Plaintiff,<br><br>    v.<br><br>SHETLER SECURITY SERVICES, INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-3358 EMC<br><br>**ORDER GRANTING DEFENDANT SHETLER SECURITY SERVICES, INC.'S MOTION TO CONSOLIDATE CASES; AND GRANTING DEFENDANT LUCASFILM LTD.'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**(Docket Nos. 9, 23)** |

       Plaintiff Jordan Kasperzyk has filed suit against Defendants Shetler Security Services, Inc. ("SSS"); Lucasfilm Ltd.; Letterman Digital Arts Ltd.; Skywalker Properties[1]; and Michael Shetler. The current operative complaint is the first amended complaint ("FAC"). In the complaint, eleven causes of action are pled. However, only one claim has been pled against Lucasfilm Ltd. – *i.e.*, the final claim for negligence in hiring, supervision, or retention. Currently pending before the Court is (1) SSS' motion to consolidate the instant case with the related case (Case No. 13-3383 EMC) and (2) Lucasfilm's motion to dismiss the claim for negligence.

       No party has opposed the motion to consolidate. Furthermore, consolidation is appropriate because the genesis of each federal action came from the same state court case. Accordingly, the motion to consolidate is hereby **GRANTED**. As for the motion to dismiss, having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** that motion as well, but gives Mr. Kasperzyk leave to amend.

---

    [1] Although Skywalker Properties is not listed in the caption as a defendant, it is named as a defendant for one of the causes of action (the eleventh).

## I.  FACTUAL & PROCEDURAL BACKGROUND

In the FAC, Mr. Kasperzyk alleges as follows.

Mr. Kasperzyk is a licensed security guard. *See* FAC ¶ 14. In 2008, he was hired by a company named Advanced-Tech, which at that time provided security at Lucasfilm's Letterman Digital Arts Center (located in the Presidio). *See* FAC ¶ 14. As a new hire with Advanced-Tech, Mr. Kasperzyk was required to join a local union. *See* FAC ¶ 17.

In January 2010, while working for Advanced-Tech, Mr. Kasperzyk hurt his back "when a motorist whose car he had ticketed for over parking [at the Center] struck him with his car." FAC ¶ 26. He was able to return to work but "on a limited basis, with medically prescribed work restrictions. These work restrictions prohibited him from any heavy lifting, and required a post that would permit him to vary his position by alternately sitting or standing occasionally for several minutes at a time to relieve the stress on his back." FAC ¶ 28.

In or about May 2010, Advanced-Tech lost its contract with Lucasfilm to provide security to SSS. *See* FAC ¶¶ 7, 29. Advanced-Tech employees were told that Advanced-Tech would be leaving but that "anyone who wished to remain at the Center and work for [SSS] could do so by simply signing up." FAC ¶ 29. Mr. Kasperzyk did so. *See* FAC ¶ 29. Mr. Kasperzyk's allegations suggest that the contract for security services was ultimately entered into by SSS and Letterman Digital Arts Ltd. (and not Lucasfilm). *See* FAC ¶ 31 (referring to an Independent Contract Agreement between SSS and Letterman Digital Arts Ltd.); *see also* Def.'s RJN, Ex. A (Independent Contractor Agreement for the Provision of Security Services, dated May 1, 2010, between Letterman Digital Arts Ltd. and SSS).[2]

In November 2010, Mr. Kasperzyk was presented with a letter from SSS in which it stated that his current posting was being eliminated at the behest of the client; that it was not able to identify a posting where he could perform the essential job functions, either with or without

---

[2] Under Ninth Circuit law, the incorporation-by-reference doctrine permits a court to "'look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment.' Specifically, courts may take into account 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.'" *Davis v. HSBC Bank*, 691 F.3d 1152, 1160 (9th Cir. 2012).

United States District Court
For the Northern District of California

reasonable accommodation; and that it was therefore terminating his employment. *See* FAC ¶ 35. According to Mr. Kasperzyk, nothing stated in the letter was actually true. *See* FAC ¶ 36.

Mr. Kasperzyk subsequently contacted the union to challenge the termination. At a mediation held in April 2011, SSS offered Mr. Kasperzyk his job back, and he accepted. *See* FAC ¶¶ 37-38. However, just two days later, when Mr. Kasperzyk went to obtain a letter verifying his employment with SSS, he was told by management that the client did not want him back and that he should vacate the premises. *See* FAC ¶ 39. Mr. Kasperzyk interpreted the client to mean Lucasfilm and Andres Noyes. *See* FAC ¶ 39. According to Mr. Kasperzyk, Mr. Noyes was actually an employee of Skywalker Properties Ltd. but "conducted himself as the Director of Security for Lucasfilm Ltd.," directing SSS "employees how to perform their jobs for the exclusive benefit of Lucasfilm." FAC ¶ 8.

Based on, *inter alia*, the above allegations, Mr. Kasperzyk has filed a number of claims against SSS, including claims for disability discrimination, breach of contract, retaliation, and fraud. As to Lucasfilm, however, Mr. Kasperzyk has asserted only one cause of action, namely, a claim for negligence in hiring, supervision, or retention. The substance of the allegations in support of the claim are as follows:

> 109.   [SSS] was unfit for the job that it contracted for.
>
> 110.   Plaintiff believes that Lucasfilm knew, or should have known that [SSS] was unfit and/or incompetent, and that this unfitness and/or incompetence created particular risk to Plaintiff.
>
> 111.   Plaintiff alleges that it was [SSS's] incompetence and unfitness that harmed Plaintiff by causing [him] to lose his employment, and that Lucasfilm's, Letterman's, and Skywalker's negligence in hiring, supervising and retaining [SSS] was a substantial factor in causing Plaintiff's harm.

FAC ¶¶ 109-11.

## II.   DISCUSSION

A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks*

*Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

B.     Lucasfilm's Arguments

In its motion, Lucasfilm argues that the claim for negligence in hiring, supervision, or retention should be dismissed for three reasons: (1) because the common law claim is barred by the federal enclave doctrine; (2) because, even if not so barred, Lucasfilm was never a party to any security contract with SSS (rather, Letterman Digital Arts Ltd. was the contracting party); and (3) because, even if Lucasfilm hired or retained SSS, a negligent hiring claim is not recognized under California law between the hirer of a contractor and the contractor's employee.

At this juncture, the Court declines to rule on the federal enclave issues.[3] The Court does so because, even if the Court were to resolve the federal enclave issues in Mr. Kasperzyk's favor, his complaint as pled would still fail to state a claim for relief.

///

///

---

[3] These issues include:

(1)    what is the governing analysis, *see Paul v. United States*, 371 U.S. 245 (1963); *Howard v. Commissioners of Sinking Fund*, 344 U.S. 624 (1953); *Evans v. Cornman*, 398 U.S. 419 (1970); and

(2)    whether 16 U.S.C. § 457 applies only where there are physical injuries suffered on a federal enclave (as opposed to emotional or other nonphysical injuries such as economic injury).

C. <u>Employer</u>

Lucasfilm argues that, even if the Court were to rule against it on the federal enclave issues, it still is entitled to a dismissal because Mr. Kasperzyk is claiming negligent hiring, supervision, or retention of SSS, and the only party who hired, supervised, or retained SSS was Letterman Digital Arts Ltd. (and not Lucasfilm), the party which entered into a contract with SSS for security services at Letterman Digital Arts Center. *See* FAC ¶ 31 (referring to an Independent Contract Agreement between SSS and Letterman Digital Arts Ltd.); *see also* Def.'s RJN, Ex. A (Independent Contractor Agreement for the Provision of Security Services, dated May 1, 2010, between Letterman Digital Arts Ltd. and SSS).

In response, Mr. Kasperzyk asserts that the lack of a contractual relationship between Lucasfilm and SSS is immaterial because "[t]he existence of an employer-employee relationship is not contingent on any express or written contract between the parties." Opp'n at 16-17. "For instance, Lucasfilm was a joint employer of [SSS] together with Letterman Digital Arts based on the four-factor 'economic reality' test articulated in *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)." Opp'n at 17 (arguing that Mr. Noyes – an employee of Skywalker Properties – "held himself out as an employee of Lucasfilm, supervised and/or had input in the hiring or firing of [SSS] and its employees; supervised [SSS] employees' schedules in twice-weekly meetings; determined the rate and method of payment; [etc.]"). Mr. Kasperzyk also contends that "Letterman acted as Lucasfilm's agent in employing [S§]." Opp'n at 17.

The problem for Mr. Kasperzyk – as Lucasfilm points out – is that there are insufficient factual allegations in the FAC (as pled) to support the above theories. At best, Mr. Kasperzyk has simply made the conclusory allegation that (1) Mr. Noyes "conducted himself as the Director of Security for Lucasfilm Ltd.," directing SSS "employees how to perform their jobs for the exclusive benefit of Lucasfilm," FAC ¶ 8, and that (2) "each and every defendant was the agent or employee of each and every other defendant." FAC ¶ 13. Accordingly, as Lucasfilm argues, dismissal is appropriate as Mr. Kasperzyk has not pled with specificity a plausible claim of employer liability for any entity other than Letterman Digital Arts Ltd. However, Mr. Kasperzyk shall be given leave to

amend on this point to provide more specific allegations establishing any other defendant as a responsible party.

C.     Liability of Hirer of Independent Contractor

According to Lucasfilm, even if it hired or retained SSS, a negligent hiring claim is not recognized under California law between the hirer of a contractor and the contractor's employee, and therefore dismissal is proper. In making this argument, Lucasfilm relies on a series of California Supreme Court decisions beginning with *Privette v. Superior Court*, 5 Cal. 4th 689 (1993).

In analyzing Lucasfilm's *Privette* argument, the Court begins by taking into account the "common law rule that an individual who hires an independent contractor generally is not liable for injuries to others caused by the contractor's negligence in performing the hired work." *Toland v. Sunland Hous. Grp., Inc.*, 18 Cal. 4th 253, 258 (1998). An important exception to this rule is the peculiar risk doctrine. Under this doctrine, "one injured by inherently dangerous work performed by a hired contractor can seek tort damages from the person who hired the contractor." *Id.* The doctrine was created "in the late 19th century to ensure that innocent third parties injured by inherently dangerous work performed by an independent contractor for the benefit of the hiring person could sue not only the contractor, but also the hiring person, so that in the event of the contractor's insolvency, the injured person would still have a source of recovery." *Id.*

As summarized in *Toland*, the California Supreme Court held in *Privette* that,

> under the peculiar risk doctrine[,] the hiring person's liability does not extend to the hired contractor's *employees* [as opposed, *e.g.*, to neighboring landowners or innocent bystanders] [b]ecause the Workers' Compensation Act shields an independent contractor from tort liability to employees[.] [A]pplying the peculiar risk doctrine to the independent contractor's employees would illogically and unfairly subject the hiring person, who did nothing to create the risk that caused the injury, to *greater liability* than that faced by the independent contractor whose negligence caused the employee's injury.

*Id.* at 256 (emphasis added). In *Toland* itself, the California Supreme Court went on to hold that *Privette* barred a hirer of an independent contractor from being held liable to the contractor's employee whether the peculiar risk theory was predicated on § 413 or § 416 of the Restatement

Second of Torts.[4] *See generally id.* In *Camargo v. Tjaarda Dairy*, 25 Cal. 4th 1235 (2001), the California Supreme Court further held that the reasoning in *Privette* and *Toland* generally barred negligent hiring claims based on § 411 of the Restatement of Torts as well.[5] *See id.* at 1244 (stating that, "[f]or the same reasons, an employee of a contractor should be barred from seeking recovery from the hirer under the theory of negligent hiring set forth in section 411" – *i.e.*, "'it would be unfair to impose liability on the hiring person when the liability of the contractor, the one primarily responsible for the worker's on-the-job injuries, is limited to providing workers' compensation coverage'").

However, in *Hooker v. Department of Transportation*, 27 Cal. 4th 198 (2002), the California Supreme Court essentially found an exception to *Privette*, based in part on § 414 of the Restatement Second of Torts.[6] More specifically, while a "hirer of an independent contractor is not liable to an employee of the contractor merely because the hirer retained control over safety conditions at a worksite, . . . a hirer is liable to an employee of a contractor insofar as a hirer's exercise of retained control *affirmatively contributed* to the employee's injuries." *Id.* at 202 (emphasis in original).

---

[4]
> Under section 413, a person who hires an independent contractor to do inherently dangerous work, but who fails to provide in the contract or in some other manner that special precautions be taken to avert the peculiar risks of that work, can be liable if the contractor's negligent performance of the work causes injury to others. Under section 416, even if the hiring person has provided for special precautions "in the contract or otherwise," the hiring person can nevertheless be liable if the contractor fails "to exercise reasonable care to take such precautions" and the contractor's performance of the work causes injury to others.

*Toland*, 18 Cal. 4th at 256-57.

[5] "Section 411, entitled 'Negligence in Selection of Contractor,' PROVIDES: 'An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor [¶] (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or [¶] (b) to perform any duty which the employer owes to third persons.'" *Camargo*, 25 Cal. 4th at 1241.

[6] "Section 414 provides: 'One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.'" *Hooker*, 27 Cal. 4th at 201.

Thus, under *Privette*, a hirer of an independent contractor can be held liable for injuries to the contractor's employee only in the limited circumstances identified in *Hooker*. Mr. Kasperzyk contends that his case falls within the exception provided for in *Hooker* – *i.e.*, because Lucasfilm retained control over working conditions at Letterman Digital Arts Center and Lucasfilm's exercise of retained control affirmatively contributed to his injury. *See* Opp'n at 18-19.

Mr. Kasperzyk, however, has not adequately pled factual allegations to support his *Hooker* theory of liability. The current factual allegations in the FAC are too conclusory and therefore cannot meet the standard articulated in *Twombly* and *Iqbal*. As noted above, the substance of the allegations are as follows:

> 109.  [SSS] was unfit for the job that it contracted for.
>
> 110.  Plaintiff believes that Lucasfilm knew, or should have known that [SSS] was unfit and/or incompetent, and that this unfitness and/or incompetence created particular risk to Plaintiff.
>
> 111.  Plaintiff alleges that it was [SSS's] incompetence and unfitness that harmed Plaintiff by causing [him] to lose his employment, and that Lucasfilm's, Letterman's, and Skywalker's negligence in hiring, supervising and retaining [SSS] was a substantial factor in causing Plaintiff's harm.

FAC ¶¶ 109-11. Nowhere in the complaint does Mr. Kasperzyk clearly articulate why SSS was unfit for the job or why Lucasfilm knew or should have known that SSS was unfit for the job. Nor does Mr. Kasperzyk provide any factual allegations in the complaint to support the assertion that Lucasfilm retained control over working conditions at Letterman Digital Arts Center and that Lucasfilm's exercise of retained control "affirmatively contributed" to his injury.[7]

At the hearing, Mr. Kasperzyk identified for the first time specific facts to support his claim for negligence in hiring, retention, or supervision. But these facts are not pled anywhere in the operative pleading and therefore dismissal is appropriate. In any event, the Court rejects Mr.

---

[7] The Court acknowledges Lucasfilm's suggestion that *Hooker* is not applicable because § 414 of the Restatement applies only to physical injuries, and here Mr. Kasperzyk has suffered only nonphysical injuries. *See* Reply at 8. The problem for Lucasfilm is that the entire line of *Privette* cases – on which it itself relies – focuses on Restatement sections that reference physical injury or harm. In other words, if the Court were accept Lucasfilm's argument, Lucasfilm would have no *Privette* argument to make at all. Because Lucasfilm fails to explain why *Privette* should apply to bar Mr. Kasperzyk's claim but *Hooker* would not, the Court does not further entertain the argument.

8

Kasperzyk's suggestion that Lucasfilm could be held liable simply because it knew, at the time that it hired SSS, that SSS was hiring former Advanced-Tech employees, some of whom had been charged with religious discrimination against a third party. Lucasfilm could not reasonably expect that SSS would discriminate on the basis of disability simply because a third party had sued for religious discrimination, not disability discrimination, especially when, at the time of its hiring and retention of SSS, it appears that there was simply a charge of discrimination without any adjudication on the merits against SSS.

While the Court has serious doubts whether Mr. Kasperzyk can state such a claim, the Court cannot say at this point that amendment would be futile, and therefore the Court dismisses the claim for negligence in hiring, retention, or supervision against Lucasfilm with leave to amend that claim (*i.e.*, to address the two deficiencies discussed above). The amended complaint shall be filed within thirty (30) days of this order. Within thirty (30) days thereafter, Lucasfilm may file a motion to dismiss the amended complaint. Lucasfilm is not barred from reasserting in its motion the federal enclave argument; however, no further briefing on that issue should be included in the motion (*i.e.*, that issue has already been fully briefed by the parties).

If no amended complaint is filed within the above timeframe, then Lucasfilm shall be dismissed from this case with prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court grants the motion to consolidate and further grants motion to dismiss but gives Mr. Kasperzyk leave to amend as provided above. The Court reserves the right to rule on the federal enclave issues, if necessary.

This order disposes of Docket Nos. 9 and 23.

IT IS SO ORDERED.

Dated: November 15, 2013

_____
EDWARD M. CHEN
United States District Judge

9